UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| DANIEL D. GARCIA, | )<br>) |
| JOSEPH L. AMIGLIORE, | )<br>) |
| SCOTT H. CHAPPELL, | )<br>) |
| CHRIS COOKSEY, | )<br>) |
| PAMELA DRIGGERS, | ) Case No: <br>) |
| SCOTT M. GRAGEN, | )<br>) JURY TRIAL DEMANDED |
| JUSTIN W. HARRINGTON, | )<br>) |
| CHRISTOPHER H. HAYES, | )<br>) |
| TODD HIME, | )<br>) |
| MURREL LIVERMAN, | )<br>) |
| DAVID C. MILLS, | )<br>) |
| JOHN M. NOWERY, | )<br>) |
| THOMAS REEVES, | )<br>) |
| JOSEPH F. RINAUDO, II, | )<br>) |
| MIGUEL RIOSECO, and | )<br>) |
| CHRIS TRUBELHORN, individually and on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| MARION COUNTY, FLORIDA, | )<br>) |
| Defendant. | )<br>) |

**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

## INTRODUCTION

Plaintiffs, by and through their counsel, respectfully submit their complaint against the Board of County Commissioners, Marion County, Florida, and state as follows:

## PARTIES

1. Plaintiffs Daniel D. Garcia, Joseph L. Amigliore, Scott H. Chappell, Chris Cooksey, Pamela Driggers, Scott M. Gragen, Justin W. Harrington, Christopher Hayes, Todd Hime, Murrel Liverman, David C. Mills, John M. Nowery, Thomas Reeves, Joseph Rinaudo, II, Miguel Rioseco, and Chris Trubelhorn ("Plaintiffs"), are current and/or former employees of the defendant, Marion County, Florida, ("Defendant" or "County"). At all times material herein, Defendant has employed Plaintiffs in the position of Captain at Marion County Fire Rescue.

2. Plaintiffs bring this action as a collective action in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") against the Defendant on behalf of themselves and all others similarly situated because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq*.

3. At all times material herein, Plaintiffs and all those similarly situated have been "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

4. Plaintiffs have given their written consent to be party-plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Collective Action Complaint as Exhibit A.

5. Defendant is a body corporate and political subdivision of the State of Florida, and at all times material herein, Defendant has been a "public agency" and "employer" within the

meaning of the FLSA, 29 U.S.C. §§ 203(x), 203(d). Defendant employs or employed Plaintiffs and is located within the Middle District of Florida and within Marion County, Florida. Defendant has a principal office and place of business located at 601 SE 25th Ave., in Ocala, Florida 34471.

## JURISDICTION AND VENUE

6.This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 and Local Rule 1.02.

## FACTS

8.Since September 17, 2016, as well as before, Plaintiffs and all others similarly situated have worked for the Defendant Marion County, within Marion County Fire and Rescue, at the rank of Captain.

9.Within the last three years, and continuing to date, while working at the rank of Captain, Plaintiffs' primary job duty has been, and remains, to protect and serve the public by engaging in fire suppression, emergency response and related non-exempt activities. While on the scene of fire calls, the Plaintiffs, with their crew, engage in the control, suppression, and extinguishment of fires and the rescue of fire or accident victims. Plaintiffs are also required to participate in the same physical fitness program and complete all required training as the other members of the crew on which they serve.

10.While working as Captains on behalf of Defendant, Plaintiffs, as well as all others similarly situated, are assigned to work, and in fact do work, a regular and recurrent schedule of 24 hours on-duty, followed by 48 hours off-duty. As a result, Plaintiffs are suffered or permitted to perform at least 48 or 72 hours of regularly scheduled work each week. Furthermore, this

schedule results in Defendant suffering or permitting Plaintiffs to perform at least 120 hours of regularly scheduled work in two of every three 14-day periods. In addition, Plaintiffs frequently work extra shifts, outside of their regular schedule. Plaintiffs are therefore regularly assigned to work, and do work, in excess of 40 hours per week, as well as in excess of 53 hours per week, in excess of 106 hours in a 14-day period, and in excess of 212 hours in a 28-day period.

11. Defendant misclassifies Plaintiffs as "exempt" employees and unlawfully fails to pay any overtime premiums for their overtime work. Instead, Defendant pays Plaintiffs a static biweekly wage and, for unscheduled shifts outside Plaintiffs' regular schedule, a straight hourly rate. Further, Defendant only pays that straight hourly rate for unscheduled work that meets or exceeds four hours.

12. Defendant, at all times material herein, has failed and continues to fail to pay Plaintiffs who work in the position of Captain overtime premium pay at the rate of one and one-half times their regular rate of pay when it suffers or permits them to work in excess of 40 hours in a week, in excess of 53 hours in a week, in excess of 106 hours in a 14-day period, or in excess of 212 hours in a 28-day period.

13. Defendant, at all times material herein, has known and should have known that uncompensated overtime work was being performed by Plaintiffs and all others similarly situated, because of, for example, Defendant's established policies and procedures, work schedules, and observation of Plaintiffs. Therefore, Defendant's actions in refusing to provide Plaintiffs the rights and protections provided under the FLSA are willful in that Defendant knew its pay practices with respect to its Captains was prohibited by the FLSA or, at the very least, showed a reckless disregard for the FLSA.

## COUNT I
## VIOLATION OF SECTION 207(a) OF THE FAIR LABOR STANDARDS ACT

14. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 13 of this Complaint.

15. During the times that Plaintiffs and those similarly situated have worked in excess of 40 hours in a workweek, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

16. By failing to pay the Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

17. As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

18. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

19. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF SECTION 207(k) OF THE FAIR LABOR STANDARDS ACT

20. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 19 of this Complaint.

21. Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. §207(k), (29 C.F.R. §553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period, in excess of 106 hours in a 14-day work period, or in excess of 212 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

22. During the times that Plaintiffs and those similarly situated have worked in excess of 53 hours per workweek, 106 hours per 14-day period, and 212 hours per 28-day period, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. §553.230.

23. By failing to pay the Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material

herein, Plaintiffs and those similarly situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

24. As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

25. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

26. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, all plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived each of the plaintiffs of his/her rights;

(b)  Order a complete and accurate accounting of all the unpaid compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs compensatory relief in the form of unpaid compensation and liquidated damages equal to their unpaid compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ Paul Donnelly
Paul Donnelly
Florida Bar No. 813613
DONNELLY & GROSS
2421 NW 41st Street, Suite A-1
Gainesville, FL  32606
(352)374-4001 Phone
(352)374-4046 Fax
paul@donnellygross.com

*Trial Counsel*

/s/ Sara L. Faulman
Sara L. Faulman *(Appearing by Local Rule 2.02(a))*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855
slf@mselaborlaw.com

/s/ John W. Stewart
John W. Stewart *(Appearing by Local Rule 2.02(a))*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855
jws@mselaborlaw.com

*Counsel for Plaintiffs*