**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**DANIEL D. GARCIA, JOSEPH L.**
**AMIGLIORE, SCOTT H. CHAPPELL,**
**CHRIS COOKSEY, PAMELA**
**DRIGGERS, SCOTT M. GRAGEN,**
**JUSTIN W. HARRINGTON,**
**CHRISTOPHER H. HAYES, TODD**
**HIME, MURREL LIVERMAN, DAVID**
**C. MILLS, JOHN M. NOWERY,**
**THOMAS REEVES, JOSEPH F.**
**RINAUDO, II, MIGUEL RIOSECO,**
**CHRIS TRUBELHORN and PATRICK**
**ASSELIN, individually and on behalf of**
**themselves and all others similarly**
**situated**

      **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　**Case No: 5:19-cv-458-Oc-30PRL**

**BOARD OF COUNTY**
**COMMISSIONERS, MARION**
**COUNTY, FLORIDA,**

      **Defendant.**

---

# ORDER

In this FLSA case, Plaintiffs allege that the Defendant did not pay them overtime wages for their work as Marion County Fire Rescue Captains. (Doc. 1). Defendant has moved to disqualify Plaintiffs' counsel and the firm of McGillvary Steele Elkin LLP because of a purported conflict of interest. (Doc. 15). For the following reasons, Defendant's motion is denied.

## I.    BACKGROUND

Defendant seeks to disqualify Plaintiffs' counsel because of an alleged conflict of interest between Plaintiffs' counsel's firm and Defendant's current Fire Chief, James Banta. In 2010,

Thomas Woodley, an attorney at Plaintiffs' counsel's firm, drafted a legal opinion letter addressed to Mr. Banta.[1] Defendant describes this letter as stating the opposite position that Plaintiffs are now asserting.

In response, Plaintiffs describe the circumstances behind the letter in much more detail than Defendant has. Plaintiffs contend that Defendant failed to mention that in 2010 Mr. Banta was not yet the Fire Chief but was a Marion County Fire Rescue Captain, who also served as the Vice President of the labor union, Local 3169 of the International Association of Fire Fighters (IAFF). In 2010, Mr. Woodley was IAFF's General Counsel and addressed the letter to Mr. Banta in his official capacity as an officer of Local 3169. Plaintiffs further assert that "[t]hereafter, Banta relinquished his authority as vice president and later became Fire Chief, evidently absconding with privileged Local 3169 records in the process." (Doc. 19).

In Plaintiffs' response, they object to filing the 2010 letter and claim it is privileged material. Plaintiffs filed an affidavit signed by Daniel D. Garcia, the current President of Local 3169. (Doc. 19-1). In his affidavit, Mr. Garcia stated that "[m]embers of Local 3169 who do not hold one of the offices listed in Paragraph 5 do not have authority to waive privilege or reveal confidential information of Local 3169." The offices listed in paragraph 5 include: "one President, two Vice Presidents, one Secretary, one Treasurer, one Public Relations Coordinator, and eight Executive Board Members." And Mr. Garcia asserts that "Local 3169 has never authorized the disclosure of the 2010 letter. . . [and] has never waived privilege. The letter is a confidential, attorney-client communication between Local 3169 and an attorney." Notably, Defendant has not

---

[1] Within Defendant's motion to disqualify is a request to file the 2010 letter under seal. This request fails to comply with Local Rule 1.09 and Local Rule 3.01 and, therefore, is not properly before the Court. Regardless, as discussed below, even if the letter is as represented by Defendant, Defendant has still not met its burden of proving the grounds for disqualification.

offered anything to contradict Mr. Garcia's affidavit or Plaintiffs' characterization of the letter as privileged.

## II.    Legal Standards

Although a party is presumptively entitled to the counsel of his choice, that right may be overridden if "compelling reasons" exist. *In re BellSouth Corp.*, 344 F.3d 941, 961 (11th Cir. 2003). The party moving to disqualify bears the burden of proving the grounds for disqualification. *Id.* Under Local Rule 2.04(d), MD Fla., the Model Rules of Profession Conduct of the American Bar Association, as modified and adopted by the Supreme Court of Florida to govern the behavior of the members of The Florida Bar, governs the professional conduct of all members of the bar of this Court. Rule 4-1.9 of the Rules Regulating the Florida Bar governs conflicts arising from the prior representation of a client:

> A lawyer who has formerly represented a client in a matter must not afterwards:
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

A person seeking the disqualification of an attorney under Rule 4-1.9 must prove (1) the existence of a prior attorney-client relationship, and (2) that the matters in the current suit are substantially related to the previous matter or cause of action. *See Shivers v. International Broth. of Elec. Workers*, 262 F. App'x 121, 126 (11th Cir. 2008).

## III.    Discussion

While Defendant moves for disqualification based upon its claim that an attorney-client relationship existed because Mr. Banta "received an opinion letter addressed to him from [Mr.

Woodley]" (Doc. 15), that contention is contested by Plaintiffs. As Plaintiffs point out, Defendant omits the fact that Mr. Banta served as the Vice President of the labor union, Local 3169 of the IAFF, and that Mr. Woodley was IAFF's General Counsel, not Mr. Banta's personal lawyer. Plaintiffs also assert that "James Banta has never been a client of Thomas Woodley nor anyone at the firm of McGillivary Steele Elkin LLP." (Doc. 19).

"A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." Florida Rules of Professional Conduct 4-1.13(a). The comments following the rule further explain, "[a]n organizational client is a legal entity, but it cannot act except through its officers, directors, employees, shareholders, and other constituents. Officers, directors, employees, and shareholders are the constituents of the corporate organizational client. . . This does not mean, however, that constituents of an organizational client are the clients of the lawyer." Florida Rules of Professional Conduct 4-1.13 cmt.

As Plaintiffs note in their response, Mr. Woodley's client was IAFF, and he communicated with the union through its Vice President at the time, Mr. Banta. On the record currently before the Court, Defendant has not satisfied its burden in proving that Mr. Banta was in fact a former client of Mr. Woodley and not merely communicating as an officer of the union. *See Hamilton Grp. Funding v. Basel*, No. 16-61145-CIV-ZLOCH, 2018 WL 3546242, at *4 (S.D. Fla. July 24, 2018) (denying disqualification of plaintiff's attorney where defendant did not submit an affidavit stating that he believed plaintiff's counsel was actually representing him personally); *see also United Steelworks of Am. v. Ivaco. Inc.*, No. 1:01-CV-0426-CAP, 2002 WL 31932875, at *3 (N.D. Ga. Jan. 13, 2003) (noting that an attorney-client relationship does not form between union members and a union attorney because the attorney's client is the union).

Notably, even if Defendant claimed that Mr. Banta thought that Mr. Woodley was personally representing him, a subjective belief that there is an attorney-client relationship must be a reasonable one. *See Bartholomew v. Bartholomew*, 611 So. 2d 85, 86 (Fla. Dist. Ct. App. 1992). In its motion, Defendant did not suggest that Mr. Banta believed that Mr. Woodley was his personal lawyer and did not show that if he did have this belief, it was a reasonable one. For Defendant to establish that there was an attorney-client relationship between Mr. Banta, a union member at the time, and Mr. Woodley, the general counsel for the union, it would have to prove that in his particular case Mr. Woodley specifically agreed to represent him as an individual client. *See Peterson v. Kennedy*, 771 F.2d 1244, 1261 (9th Cir. 1985). This Defendant has failed to do.

Defendant also argues that the matters in the current suit are substantially related to the letter drafted by Mr. Woodley in 2010. Matters are considered substantially related when the first matter "could reasonably be understood as important to the issues involved in the present matter." *Mitchell v. Hunt*, No. 5:15-cv-2603, 2017 WL 1157897, at *4 (M.D. Fla. Jan. 9, 2017). As noted above, Mr. Woodley drafted the opinion for his client, the IAFF, not Mr. Banta. Since Mr. Banta was not the client and is no longer the vice president of Local 3169, he lacks the authority to access or disclose the 2010 letter to Defendant. (Doc. 19-1).

Even so, Plaintiffs contend that the law has since changed, and the substance of the letter is irrelevant to the matter at hand. Plaintiffs explain that prior to 2011, courts construed 29 C.F.R. § 541.3(b) (the regulation issued in 2004 clarifying the test of whether first responders are exempt from overtime) in a way that rendered it meaningless. *See Mullins v. City of New York*, 523 F. Supp. 2d 339, 357 (S.D.N.Y. 2007), *rev'd*, 653 F.3d 104 (2d Cir. 2011) (finding that because plaintiffs spent time in the field with their subordinates, they are front-line supervisors with a primary job duty of management, which is exempt from receiving overtime pay). In 2011, the

Second Circuit found that the regulation applied to supervision of other officers in law enforcement, meaning they were not exempt from overtime pay. *Mullins v. City of New York*, 653 F.3d 104, 115 (2d Cir. 2011). Plaintiffs position is that because the law has changed in the interim, the substance of the 2010 letter is no longer applicable. Based on the parties' representations and on the current record, the Court agrees that Defendant has not met its burden of demonstrating that the letter is substantially related to the matter at hand.

## IV. CONCLUSION

As stated, on the record currently before the Court, Defendant has not met its burden in proving the existence of a prior attorney-client relationship and that the matters in the current suit are substantially related to the previous matter or cause of action. Accordingly, Defendant's motion for attorney disqualification (Doc. 15) is DENIED.

**DONE** and **ORDERED** in Ocala, Florida on November 8, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties